MARION M. RINGELMANN, an Infant, by BERTHA H. RINGEL-MANN, Her Guardian ad Litem, Respondent, v. OSCAR DANIELS COMPANY, Appellant.

Second Department, May 4, 1917.

Negligence — excessive verdict — refusal of plaintiff to submit to medical examination.

Appeal from a judgment entered on a verdict of $25,000 for personal injuries received by an unmarried woman, a minor, residing with her parents, but engaged in daily work. The injuries claimed were a displacement of the internal organs and traumatic neurosis.

*Held,* that a new trial should be granted unless the plaintiff consent to a reduction of the verdict to $10,000. This, because the plaintiff refused, through alleged modesty, to submit to a thorough examination by the defendant's physician and refused to permit such examination to be made even if a female physician were appointed.

APPEAL by the defendant, Oscar Daniels Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of October, 1916, upon the verdict of a jury for $25,000, and also from an order entered in said clerk's office on the 16th day of October, 1916, denying defendant's motion for a new trial made upon the minutes.

*Edward J. Byrne* [*John H. Jackson* and *Lyman A. Spalding* with him on the brief], for the appellant.

*William V. Burke,* for the respondent.

JENKS, P. J.:

The plaintiff, an unmarried woman twenty years old, residing with her parents but engaged in daily work, has recovered a verdict of $25,000 for personal injuries diagnosed by her attending physician as general downward displacement of certain internal organs, and traumatic neurosis. We think that upon testimony, as to the injuries, the defendant is entitled to a new trial unless the plaintiff consent to a reduction of the verdict to $10,000. The plaintiff was not disabled at first by the injury. For a considerable period thereafter she went about her business. She testifies that finally she had to take to her bed. That the medical testimony is unsatisfactory is attributable to the plaintiff alone. With appreciation of her maidenly modesty we should not lose sight of the fact that she is a claimant for the defendant's money as matter of right. The said physician had qualified himself by an examination of his patient without her knowledge and when she was under an anaesthetic. He testified that such an examination was the only method to ascertain the pelvic symptoms. The expert physician called by the plaintiff testified that he could present only a diagnosis as to her nervous condition, for when he attempted to examine the abdominal parts externally, the rigidity of the muscles and the resistance of the patient made it impossible for him to reach any conclusion. The plaintiff admitted that, before trial, she had refused such an examination as was made by her own physician, to the physician chosen by the defendant, and she stated at trial that she would not permit such an examination to be made by a woman physician to be appointed by the court. The said physician chosen by the defendant testified that he was permitted to make but a partial examination of the plaintiff, and was refused the right of further examination when he asked for it. He testified that from the examination afforded to him he could not discover any injury. If the plaintiff feels confident that the verdict as reduced is not compensation, and has nothing to fear from a full medical examination, she can take her new trial and lay aside her present nicety and submit to an examination without criticism for lack of modesty; certainly if the examiner is a woman.

The judgment and order should be reversed and a new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the recovery of damages to the sum of $10,000; in which event the judgment, as so modified, and the order are affirmed, without costs.

Present — JENKS, P. J., THOMAS, MILLS, PUTNAM and BLACKMAR, JJ.

Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the recovery of damages to the sum of $10,000; in which event the judgment, as so modified, and the order are unanimously affirmed, without costs.